IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELZEY FREDERICK JONES, JR     :
                              :
v.                            :   Civil No. WMN-05-3349
                              :
UNITED STATES OF AMERICA      :

MEMORANDUM

On or about July 5, 2005, Plaintiff Elzey Jones filed a claim against Charlene Grant in the District Court for Baltimore City asserting various allegations and tort claims including, "false arrest, false statements, outrageous conduct, threats on my life, unfair treatment, retaliation, [and] violation of statute." Compl. Ms. Grant works with the Prosthetic Program at the Veterans Administration (VA) Medical Center in Baltimore and conduct that Plaintiff challenges in his suit took place within the scope of Ms. Grant's employment. Plaintiff originally sought damages in the amount of $25,000 but later amended his damages claim to $75,000. The action was removed to this Court on December 14, 2005. Shortly thereafter, the United States moved pursuant to 28 U.S.C. § 2679 to be substituted for Ms. Grant as the defendant. The Court granted that motion on January 18, 2006.

The United States has now moved to dismiss the Complaint on the ground that Plaintiff has failed to comply with the requirements of the Federal Tort Claims Act, 28 U.S.C. § 2675,

prior to filing this action. With its motion, the government supplies an affidavit of the VA's regional counsel stating that a search of the relevant records and files revealed that Plaintiff has never filed an administrative tort claim against the United States concerning the matters raised in this action. On February 8, 2006, the Clerk of the Court sent Plaintiff a letter explaining that a dispositive motion had been filed that could result in the dismissal of his claims if he failed to file a timely opposition. The time permitted for the filing of that opposition has now expired and Plaintiff has not opposed the motion.

It is well established that the United States Government, as a sovereign, is immune from suit unless it consents to be sued. Gould v. U.S. Dep't of Health & Human Servs., 905 F.2d 738, 741 (4th Cir. 1990); see also College v. United States, 411 F. Supp. 738, 739 (D. Md. 1976) ("Absent consent, sovereign immunity bars a suit for damages against the United States."), aff'd, 572 F.2d 453 (4th Cir. 1978). The terms and conditions of the government's consent to be sued in any court define this Court's jurisdiction. See Gould, 905 F.2d at 741. While the Federal Tort Claims Act (FTCA) affords a limited, conditional waiver of sovereign immunity by the United States government for the torts of federal employees committed within the scope of their employment, the FTCA requires that the claimant must present his

claim to the appropriate administrative agency for determination before any action may be commenced in court. <u>Ahmed v. United States</u>, 30 F.3d 514, 516 (4th Cir. 1994); <u>see also</u> 28 U.S.C. § 2675. A plaintiff's failure to file a proper administrative claim with the appropriate agency divests a federal court of subject matter jurisdiction. <u>See</u> <u>Henderson v. United States</u>, 785 F.2d 121, 123 (4th Cir. 1986) (stating that "the requirement of filing an administrative claim is jurisdictional and may not be waived"). Here, as Plaintiff has made no claim that he has complied with the requirements of the FTCA, his claims for any tort damages against the United States must be dismissed.

A separate order consistent with this memorandum will issue.

_____
William M. Nickerson
Senior United States District Judge

Dated: March 22, 2006

3